IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA
CIVIL DIVISION

LARRY DOTSON,

    Plaintiff,

v.                                    CASE NO.:

FRANK GAY SERVICES, LLC,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LARRY DOTSON, by and through undersigned counsel, brings this action against Defendant, FRANK GAY SERVICES, LLC, and in support of his claims states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of $50,000, exclusive of interest, fees, and costs, for violations of 42 U.S.C. § 1981 ("Section 1981").

2. Venue is proper in Orange County, because all of the events giving rise to these claims occurred in this County.

### PARTIES

3. Plaintiff is a resident of Orange County, Florida.

4. Defendant operates an air conditioning, electric, and plumbing installation and repair business in Orange County, Florida.

### GENERAL ALLEGATIONS

5. Plaintiff has satisfied all conditions precedent, or they have been waived.

6. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

7. Plaintiff requests a jury trial for all issues so triable.

8. Plaintiff is a member of a protected class of persons under Section 1981.

9. Plaintiff is an employee whose rights to contract for employment, and enjoy the benefits of employment, are protected under Section 1981.

10. Under Section 1981, Defendant is an employer prohibited from interfering with any employee's contractual right to enjoy the same benefits, privileges, terms, and conditions of employment that all other employees of Defendant otherwise enjoy, regardless of the employee's race and/or color.

11. At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiff's protected rights under Section 1981.

## FACTS

12. Plaintiff is a Black man.

13. Plaintiff began working for Defendant as a maintenance man in January 2016, and he worked in this capacity until January 7, 2022.

14. Plaintiff performed the duties of his position with Defendant in a satisfactory manner.

15. Throughout Plaintiff's tenure with Defendant, he was subjected to discrimination based on his race.

16. By way of example and not limitation, Defendant did not permit Plaintiff to operate all of the machinery even though he was fully qualified to do so. White employees were permitted to operate any machinery they wanted.

17. Further, Defendant did not give Plaintiff a raise throughout his entire tenure with Defendant. Employees of other races were given raises.

18. On or about January 7, 2022, Defendant demoted Plaintiff and significantly reduced his hours, thereby constructively terminating his employment, solely because of Plaintiff's race.

19. Plaintiff also witnessed another Black employee suffer through race discrimination. Specifically, two employees called a Black employee a "nigger" on several occasions. These employees were not disciplined. Rather, Defendant terminated the Black employee.

20. Plaintiff complained to Defendant about the discrimination that he and this other employee were suffering at work.

21. After Plaintiff complained to Defendant about the discrimination that he was suffering at work, Defendant took no remedial action.

22. After Plaintiff complained about Defendant's discrimination and disparate treatment, Defendant retaliated against Plaintiff by demoting Plaintiff and significantly reducing his hours, thereby constructively terminating Plaintiff's employment.

### COUNT I – 42 U.S.C. § 1981 VIOLATION
### (RACE DISCRIMINATION)

23. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 22 of this Complaint, as though fully set forth herein.

24. Plaintiff is a member of a protected class of persons under Section 1981.

25. Plaintiff was subjected to disparate treatment by Defendant, based solely on Plaintiff's race.

26. The foregoing actions constitute unlawful discrimination, in violation of Section 1981.

27. Defendant's actions were willful and done with malice.

3

28. As a direct and proximate result of Defendant's willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

29. Plaintiff was injured due to Defendant's violations of Section 1981, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) Judgment against Defendant, permanently enjoining Defendant from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

(d) Compensatory damages, including emotional distress, allowable at law;

(e) Punitive damages;

(f) Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## COUNT II — 42 U.S.C. § 1981 VIOLATION
### (RETALIATION)

30. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 22 of this Complaint, as though fully set forth herein.

31. Plaintiff is a member of a protected class of persons under Section 1981.

32. By complaining about race discrimination that he and a fellow Black employee endured, Plaintiff engaged in protected activity under Section 1981.

33. Defendant retaliated against Plaintiff for engaging in protected activity under Section 1981 by constructively terminating Plaintiff's employment.

34. Defendant's actions were willful and done with malice.

35. Defendant's retaliation was based solely on Plaintiff's exercise of his right to resist and oppose unlawful discrimination and harassment, which is protected under Section 1981.

36. As a direct and proximate result of Defendant's willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

37. Plaintiff was injured due to Defendant's violations of Section 1981, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) Judgment against Defendant, permanently enjoining Defendant from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

(d) Compensatory damages, including emotional distress, allowable at law;

(e) Punitive damages;

(f) Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

### JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 4th day of May, 2023.

Respectfully submitted,

*/s/ Amanda E. Heystek*
**AMANDA E. HEYSTEK**
Florida Bar Number: 0285020
Direct Dial: 813-379-2560
**DANIEL E. KALTER**
Florida Bar No.: 1025094
Direct Dial: 813-438-8821
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Facsimile: 813-229-8712
Email: aheystek@wfclaw.com
Email: dkalter@wfclaw.com
Email: rcooke@wfclaw.com
**Attorneys for Plaintiff**